**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| John Doe, a Minor under the age of eighteen years old, by his parents, Mother and Father Doe, | ) ) ) ) | C/A No.:   2:16-cv-570-CWH |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| Medical University of South Carolina and Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee, in their respective INDIVIDUAL capacities, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiff John Doe, a minor under the age of eighteen years of age and by his parents, Mother and Father Doe, and through the undersigned counsel, complaining of Defendants Medical University of South Carolina and Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee in their respective individual capacities alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (4) and personal jurisdiction over the parties.

2.     Plaintiff who is the victim of sexual assault is referred to in this public filing by the pseudonym John Doe, pursuant to S.C. Code § 16-3-730 prohibiting publication of names of victims of sexual conduct.  Plaintiff will inform Defendants of the identity of John Doe by separate

communication, upon their agreement to maintain confidentiality of the information as to public record.

3. Plaintiff John Doe and his parents are individuals and citizens of the State of South Carolina, Berkeley County.

4. Defendant Medical University of South Carolina [hereinafter MUSC] is a South Carolina state institution, specifically a state owned medical center, located in South Carolina, Charleston County.

5. Defendant MUSC operates a child and adolescent psychiatric in-patient program at MUSC Children's Hospital located in Charleston County, South Carolina.

6. At all times relevant to this Complaint, Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee were employed by MUSC in MUSC's child and adolescent psychiatric in-patient program.

7. At the various times giving rise to the separate occurrences set forth in this Complaint, Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee each were acting in their respective individual capacities and under the color of state law within their official duties and capacity as officers, agents, servants, and/or employees of MUSC.

8. By information and belief, Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee are individuals and citizens of Charleston County, Berkeley County, or Dorchester County in the State of South Carolina.

9. All of the acts or omissions giving rise to these claims occurred in Charleston

County, South Carolina.

10. Venue is proper under 28 U.S.C. § 1391(b).

**STATEMENT OF FACTS**

11. John Doe is a fourteen year old male, and his date of birth is April 14, 2001.

12. On April 16, 2015, an Application for Child in Need of Emergency Admission for mental health issues for John Doe was submitted, and an Order of Detention to examine John Doe by a licensed physician was issued that same day by the Probate Court, Charleston County, State of South Carolina.

13. On April 17, 2015, John Doe was transported by law enforcement to Defendant MUSC, Institute of Psychiatry, where John Doe was involuntarily committed for inpatient mental health care.

14. On or about April 17, 2015, Defendant MUSC assigned a teenage male psychiatric patient to room with John Doe in the same patient room in the inpatient psychiatric unit.

15. By information and belief, the teenage psychiatric patient was sixteen years old.

16. By information and belief, Defendant MUSC knew or should have known that the teenage psychiatric patient posed a risk of harm to John Doe.

17. By information and belief, professional judgment, practice, and standards required that MUSC staff physically check on John Doe every 15 minutes during his inpatient confinement.

18. By information and belief, professional judgment, practice, and standards required that MUSC staff not place an inpatient resident who poses a risk to other residents as a roommate with other inpatient residents.

19. By information and belief, on April 18, 2015, Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie

3

Fields, and Lottie Aminate Ayanna Lee were working in MUSC's child and adolescent psychiatric inpatient unit and were responsible for John Doe's care, supervision, and custody.

20.    At all times during John Doe's involuntary psychiatric hospitalization on April 18, 2015, Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee were responsible for physically checking on John Doe every 15 minutes.

21.    By information and belief, on April 18, 2015, between approximately 8:00 p.m. and 11:00 p.m., Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee did not conduct physical checks on John Doe every 15 minutes, and during which time, the teenage psychiatric patient sexually assaulted John Doe, to include anal penetration of John Doe, in their shared patient room.

22.    Defendants MUSC, Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee failed to provide reasonably safe conditions of confinement for John Doe.

23.    As a direct and proximate result of Defendants' failure to provide reasonably safe conditions of confinement for John Doe, he was sexually assaulted and has suffered and continues to suffer irreparable physical, mental and emotional harm which has caused, and in the future will cause, him to suffer one or more of the following elements of damage:

    a.    physical pain;
    b.    suffering;
    c.    mental anguish;
    d.    emotional distress;
    e.    loss of sleep and inability to concentrate;
    f.    loss of the enjoyment of life;

    g.    shock and injury to his nerves and nervous system;

    h.    increased susceptibility to future injury;

    i.    substantial expenses for medical services in the past and in the future;

    j.    and any and all other damages provable at the trial of this case.

## COUNT ONE

### FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS VIOLATION
### (42 U.S.C. § 1983)
### AS TO JENNIFER MILLER, ZACHARY COLLINS, LAURA MILLER, CARMEN WHITE BALTIMORE, CHRISTINE PRIOLEAU, TIMOTHY MCGRAW, LIZZIE FIELDS, AND LOTTIE AMINATE AYANNA LEE IN THEIR RESPECTIVE INDIVIDUAL CAPACITIES

24.    Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

25.    Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law in their respective positions as employees or agents of MUSC.

26.    Minor John Doe at all times during his involuntary commitment for psychiatric care at Defendant MUSC had a constitutional liberty interest in personal security that included the right to reasonably safe conditions of confinement.

27.    Defendants abdicated their responsibility to take thought and make a reasonable provision for John Doe's safety by:

    a.    Boarding a dangerous adolescent resident in John Doe's patient room with him,

    b.    Failing to check on John Doe every 15 minutes, and

    d.    Any other such particulars as may be shown at trial.

28. Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee failed to fulfill their responsibility to provide John Doe with reasonably safe conditions of confinement by failing to take adequate steps in accordance with professional standards to prevent harm from occurring.

29. Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee's decisions and actions were such a substantial departure from accepted professional judgment, practice, and standards as to demonstrate that they did not base their decisions on such professional judgment.

30. As a result of Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee's substantial departure from the exercise of professional judgment, John Doe was sexually assaulted by the teenage psychiatric patient rooming with John Doe.

31. As a result of Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee's substantial departure from the exercise of professional judgment, Defendants violated John Doe's constitutional right to personal security in reasonably safe conditions of mental health confinement.

32. As a direct and proximate result Defendants Jennifer Miller, Zachary Collins, Laura Miller, Carmen White-Baltimore, Christine Prioleau, Timothy McGraw, Lizzie Fields, and Lottie Aminate Ayanna Lee's violation of John Doe's constitutional rights, John Doe has suffered and

continues to suffer tremendous and irreparable physical, emotional and mental harm and is entitled to actual and punitive damages.

## COUNT TWO
## NEGLIGENCE/GROSS NEGLIGENCE AS TO MUSC

33. Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

34. Defendant MUSC owed John Doe the responsibility and duty to exercise supervision, protection, control, and custody of John Doe in a non-grossly negligent manner while John Doe was involuntarily committed as an in-patient for psychiatric services at MUSC.

35. Defendant MUSC breached its duty to John Doe by failing to exercise a slight degree of care over John Doe by intentionally and consciously placing John Doe in a room to reside and share with another male patient known to pose a risk of harm to John Doe and by intentionally and consciously not physically checking on John Doe every 15 minutes.

36. As a direct, foreseeable, and proximate result of Defendant MUSC's willful, wanton, reckless, and grossly negligent acts and/or omissions, John Doe was sexually assaulted by the teenage psychiatric patient residing in the patient room with John Doe.

37. As a direct, foreseeable, and proximate result of Defendant MUSC's willful, wanton, reckless, and grossly negligent acts and/or omissions, John Doe suffered and continues to suffer tremendous and irreparable physical, emotional, and mental harm.

38. Due to the willful, wanton, reckless, and grossly negligent acts and/or omissions by Defendant MUSC, as set forth herein, John Doe is entitled to actual and punitive damages as determined by a jury.

**WHEREFORE**, Plaintiff prays for a trial by jury on all issues presently raised or that may be raised in any of the pleadings hereafter and further seeks:

    i.  Judgment against Defendants for actual, special and punitive damages in the amount to be determined by the jury;

    ii.  To award Plaintiff reasonable attorney fees, costs, and expenses against Defendants, pursuant to 42 U.S.C. § 1988 and all other applicable law; and

    iii.  For all other and further relief as the Court and jury deem just and proper.

Respectfully submitted,

            McLEOD LAW GROUP, LLC
            Post Office Box 21624
            Charleston, South Carolina 29413
            (843) 277-6655

            <u>/s/ W. Mullins McLeod, Jr.</u>
            W. Mullins McLeod, Jr.
            Fed ID No.: 7142

            Jacqueline L. Edgerton
            Fed ID No. 11710

            Michael T. Cooper
            Fed ID No. 12198

February 25, 2016
Charleston, South Carolina